**SO ORDERED.**

**SIGNED this 15 day of October, 2012.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

GUARDIAN OF THE GRAPE
IMPORTS, LLC,

    DEBTOR.

DAVID M. WARREN, Trustee for
Guardian of the Grape Imports, LLC,

    PLAINTIFF,

    v.

STEPHANIE LYNN BOURNE,
BRANDLYN FRYE BEVERUNG, and
KIMBERLY B. WYNNE,

    DEFENDANTS.

CASE NO. 11-03714-8-JRL
CHAPTER 7

ADVERSARY PROCEEDING
NO.: 12-00089-8-JRL

## ORDER

    This matter came before the Court on the chapter 7 trustee's motion for an order determining whether defendants' counsel has a conflict of interest. A hearing was held on October 10, 2012, in Raleigh, North Carolina.

The debtor is a North Carolina limited liability company and filed for relief under chapter 7 of the Bankruptcy Code on May 12, 2011. Travis Sasser ("Mr. Sasser") filed the petition as the attorney for the debtor.

On May 15, 2012, the trustee filed a complaint in an adversary proceeding against Stephanie Lynne Bourne, Brandlyn Frye Beverung, and Kimberly B. Wynne. The defendants in this adversary proceeding are the founders and sole members and managers of the debtor. In the complaint, the trustee alleges the defendants' conduct regarding a "Client Escrow Account" constitutes breach of fiduciary duty, conversion, civil conspiracy, and unfair and deceptive trade acts or practices. On June 11, 2012, Mr. Sasser filed a motion for extension of time to answer on behalf of the defendants. On July 16, 2012, Mr. Sasser filed a motion to dismiss the complaint on behalf of the defendants. Mr. Sasser is the attorney for the debtor and the defendants.

The trustee objects to the dual representation by Mr. Sasser as counsel for both the debtor and the defendants in this case. The trustee cites *Gardner v. McGee (In re McGee)*, Adv. Pro. No. 00-00098-5-AP (Bankr. E.D.N.C. June 30, 2000), in support of the objection. In *Gardner*, an attorney represented the Chapter 7 individual non-business debtors and the defendants in a fraudulent transfer action brought by the trustee. The court found a conflict of interest in the dual representation, as the debtors' duties in bankruptcy were at odds with their personal interest in making transfers to the defendants who were the debtors' son and daughter-in-law. To resolve the conflict, the attorney voluntarily withdrew his representation of the defendants. However, according to *Gardner*, "[r]epresentation of a defendant in an adversary proceeding brought by a chapter 7 trustee, by a debtor's counsel, is not per se prohibited." *Id*. at 4.

The conflict of interest presented in this case is distinguishable from *Gardner*. Unlike

-2-

*Gardner*, the debtor in this case is a corporation, not an individual.  Representation of a corporation under chapter 7 bankruptcy requires significantly less advocacy by the debtor's counsel than representation of an individual under chapter 7.  Most of the postpetition legal services provided by debtor's counsel in an individual chapter 7 are not necessary in a corporate chapter 7.  There are no issues regarding exemptions, reaffirmations, discharge, or dischargeability.

To the extent that the dual representation does create a conflict of interest, this conflict is not irreconcilable.  In *Gardner*, the debtor's attorney offered to voluntarily withdraw from representation in the event the court identified the presence of a conflict, and the court directed the attorney to withdraw.  Mr. Sasser has determined that he can withdraw as counsel for the debtor.  This withdrawal will resolve the conflict.

The court finds that any conflict of interest in the dual representation of both the debtor and the individual defendants in this adversary proceeding is resolved by granting Mr. Sasser's request to withdraw as counsel for the debtor.

**END OF DOCUMENT**